76 So.2d 919

### SUCCESSION of Adolph L. TRAHANT.

No. 41676.

Dec. 13, 1954.

D. A. McGovern, III, August H. Ritter, New Orleans, for plaintiffs-appellants.

Piazza & Gulotta, New Orleans, for appellee.

MOISE, Justice.

Adolph L. Trahant departed this life at his domicile on December 11, 1952. He left a last will and testament in nuncupative form, which was admitted to probate. In substance, the will contains the following provisions:

"I hereby disinherit my daughter, Elvira, now wife of Willie Callaghan, who married, while a minor, without my consent. I have never forgiven her nor condoned it.

"I give and bequeath to my son, Adolph L. Trahant, Jr., the property No. 6113–15 Laurel Street.

"I give and bequeath to my sister-in-law, Mrs. Julia Fischer, the property No. 6121 Laurel Street, together with the lot adjoining it, if I still own the property at my death. In the event she should predecease me, then I give and bequeath this property to my son, Adolph L. Trahant, Jr.

"The rest and residue of any property I may die possessed of I give and bequeath to my said son, Adolph L. Trahant, Jr., hereby constituting him my residuary legatee."

The son of the deceased, Adolph L. Trahant, Jr., the testamentary executor, instituted disinherison proceedings. In the alternative, he prayed that if Mrs. Callaghan be not disinherited that she should receive her legitime out of the property which was bequeathed to Mrs. Julia Robertson Fischer.

Mrs. Fischer answered, and she offered to tender the difference between her legacy and one-half the value of the estate of Adolph L. Trahant, if such difference existed, averring that she was donated mortis causa the disposable portion of the deceased's estate. In the alternative, she pleaded that if the legacy to the testator's son was intended to be an extra portion and if the disinheritance was invalid, then, in that event, there should be a proportionate reduction of her legacy and that of the son. She prayed for the fruits and revenues of her legacy from the time of demand for delivery.

Mrs. Elvira Callaghan, daughter of the deceased, asked that she be recognized as a forced heir entitled to her legitime.

Upon trial of this case and after issue was joined by the respective parties, it was agreed that the part of the will disinheriting Mrs. Elvira Callaghan, the daughter, should be set aside because of condonation of the marriage by the deceased, and that she was entitled to her legitime.

In consideration of all questions which had been submitted for decision, our Learned Brother below held that:

"The intent of the testator was to disinherit his daughter. In this, he was not successful. Therefore, in order to give her her legitime, the Court feels that Mr. Trahant and Mrs. Fischer should contribute pro-rata in order that Mrs. Callaghan's legitime may be made up."

From this judgment the testamentary executor, son of the decedent, appealed, contending that Mrs. Callaghan should be recognized as being entitled to her legitime, which amounts to one-quarter of decedent's estate, by means of reduction of the special legacy made to Mrs. Julia Robertson Fischer, and that the particular legacy and residuary legacy to Adolph Trahant, Jr. should be undisturbed.

The particular legatee, Mrs. Julia Robertson Fischer, has answered this appeal, and she contends that she is entitled to receive her legacy in preference over all others. In the alternative, she prays for an affirmation of the judgment of the trial court.

The issue here is whether the sister-in-law's legacy should be reduced to pay the legitime of Mrs. Callaghan; or, secondly, that both, the legacy given to the testamentary executor and to Mrs. Fischer, be reduced in equal proportions to make up that legitime.

Article 1712 of the LSA–Civil Code provides:

"In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament." See, Succession of Montegut, 217 La. 1023, 47 So. 2d 898.

We find, as did the trial judge, that it was the intention of Adolph L. Trahant to disinherit his daughter. We believe that he sought to divide this estate in equal proportions between his son, the executor, and his sister-in-law. The inventory shows that the valuation of the property given to Mrs. Fischer is $8,500, and there is no appreciative difference in the value of the legacy given to the son. However, the deceased did not accomplish the purpose of disinheriting his daughter. Her legitime has been infringed, but we will not set aside his will. Our duty is merely to reduce the donations in order to give Mrs. Elvira Callaghan her one-fourth of the estate. Roach v. Roach, 213 La. 746, 35 So.2d 597.

We believe that this solution states the exaction of the law.

Article 1502 of the LSA–Civil Code provides:

"Any disposal of property, whether inter vivos or mortis causa, exceeding the quantum of which a person may legally dispose to the prejudice of the forced heirs, is not null, but only reducible to that quantum."

Article 1511 of the LSA–Civil Code provides:

"When the dispositions mortis causa exceed either the disposable quantum or the portion of that quantum that remains after the deduction of the value of the donations inter vivos, the reduction shall be made pro rata, without any distinction between universal dispositions and particular ones."

In view of these Articles of the Code and taking into consideration the evident intention of the testator to divide this estate equally between his son and Mrs. Fischer, we think that equity and natural justice is that both legatees be subjected to a reduction of their legacy, as held by the trial court.

We need not go further into the contentions made and asserted, but only go to those matters and things which are necessary for a proper decision of the case.

For the reasons assigned, the judgment of the trial court is affirmed. All costs of court to be paid by the succession.